**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**HENRY JORDAN BROWN**                                                    **PETITIONER**

**v.**                                                    **CIVIL ACTION NO.  1:07cv1044-LG-RHW**

**STEVE GARBER**                                                    **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the court, *sua sponte*, for consideration of dismissal. The Petitioner is presently a pre-trial detainee at the Pearl River County Jail.  He files this habeas petition challenging a criminal charge he received in Hancock County Justice Court.  According to the allegations, Petitioner has not yet made a court appearance.  He explains in his response [8] that he is set to go to court on December 10, 2007.  Petitioner argues that his constitutional rights have been violated because he has not made a court appearance.  As relief, Petitioner is requesting that he be released.

After reviewing Petitioner's application for habeas corpus relief and giving it a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court concludes that the petition should be dismissed.  As a pre-trial detainee challenging his incarceration, petitioner's habeas petition is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Id.* at 225.  In his response[8] filed November 13, 2007, petitioner states that he has not presented this request for habeas relief to any other court in order to exhaust his available state remedies.  Therefore, the petition should be dismissed for failure to exhaust.

In addition to petitioner's failure to exhaust his available state remedies, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The United States Supreme Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," *id*. at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* (citing *Smith v. Hooey*, 393 U.S. 374 (1969)).  The United States Court of Appeals for the Fifth Circuit in *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the petitioner.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id*.  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial.  *Id*.

Petitioner's assertions - that his due process rights have been violated because he has not appeared in court - are an attempt to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09.  Therefore, even if Petitioner had exhausted his state court remedies, habeas corpus is not an available remedy.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Petitioner's petition for habeas corpus relief is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 26th day of November, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE